Hunt v. Mayberry.

WILLIAM HUNT and ALPHEUS G. HUNT, administrators, *vs.* SAMUEL MAYBERRY, executor of ELIZABETH HUNT, deceased, JOHN MOORE, and WILLIAM MATTISON.

1. Where a petition is filed in the Orphans' Court against an executor, for a decree against him to pay a legacy, a debtor of the executor is not a proper party to the proceeding, the court having no jurisdiction over such debtor.

2. The only proper defendants are those against whom the decree of distribution was made.

This cause was decided in the Orphans' Court of Sussex county, the opinion being delivered by the Chief Justice, as presiding judge of that court. The facts sufficiently appear in the opinion delivered.

The CHIEF JUSTICE. The petition .is filed in this case by the plaintiffs to recover the amount of a share in the residuary part of the estate of Elizabeth M. Hunt, decreed to be due to their intestate by the Orphans' Court of the county of Sussex.

To this petition Mayberry is made a party, as executor of Elizabeth M. Hunt, and therefore bound by the decree to pay the amount decreed, and Mattison, because he was, at the filing of the petition, a debtor of Mayberry and Moore, because he held the note which was the evidence of the debt. The petition shows that Mayberry left this state, and went to reside in Illinois, before the decree of distribution was made. It does not allege that he is insolvent, or that he is about to waste or embezzle any of the funds of the estate, or withdraw them from the jurisdiction of the court, or that the money due from Mattison is any part of the estate, or the produce of it.

As the case stands, it is a proceeding in the nature of a foreign attachment against Mayberry, in favor of a legatee of an estate of which he was executor, for money decreed to be due by him to the legatee on a decree of distribution. Mattison is sued as mere garnishee, and Moore as agent of Mayberry

The proceeding was had under color of the 17th section of the act of March 17th, 1855, (*Nix. Dig.* 563,) which provides that the Orphans' Court shall have jurisdiction over suits for the recovery of legacies and distributive shares in cases where the will has been proved in the same court or before the surrogate, or a decree of distribution has been made in the same court. And that such suits shall be commenced by petition setting forth concisely the petitioner's claim and the relief prayed for and verified by the oath of the petioner, &c. ; and on filing, &c., a citation shall issue, or any other lawful writ prayed, if allowed, &c., and directed to the parties named in the petition as defendant.

The 20th section provides that in suits under the seven-

teenth the court shall proceed in the same manner as the Court of Chancery is authorized to do, and shall be governed by the rules of the Court of Chancery where applicable.

The scope of the 17th section is not to give a new remedy for the recovery of a legacy or distributive share, but to confer upon the Orphans' Court jurisdiction *over suits for the recovery of legacies and distributive shares in certain cases.*

At common law, no action could be maintained in a court of law for the recovery of a pecuniary legacy or distributive share. *Deeks* v. *Strutt*, 5 *Term Rep.* 690; 2 *Williams on Ex.* 1187, and cases there cited.

The remedy was in the spiritual court or Court of Chancery. To remedy this, statutes have been passed to give jurisdiction to courts of law in certain cases. *Nix. Dig.* 427. Act of 11th March, 1774. This act makes legacies above fifteen pounds recoverable in the Supreme Court.

The act of 1855 is an instance of the same kind of legislation, giving jurisdiction over such suits to the Orphans' Court. It is to be observed that the act gives jurisdiction only in two cases—1, where the will has been proved before the court or surrogate; 2, where a decree of distribution has been made in the court. Why is this? The answer seems plain. The jurisdiction is but a continuance of a jurisdiction already in the court, to enable them not only to decree payment, but enforce it. The proceedings are but supplementary in their character; the court already has jurisdiction over the executor or administrator; he is their officer, subject to their control. The object of the act was to enable proceedings already begun to be finished.

The character of the remedy given sustains this view. It is by petition and citation. That is a mode of procedure proper in a case where the relief to be given is auxiliary or supplemental in its character, not original,

Hunt v. Mayberry.

The process provided is citation, the other writs may be *ne exeats*, injunction, and execution against the executor. The design was to provide a simple summary mode of procedure to compel the executor to pay what the court had decreed or the will had settled to be due to the plaintiff.

The provision in the 20th section is, that the suit under the 17th is to be proceeded in in the same manner as the Court of Chancery is authorized to proceed. This section does not enlarge the scope of the suit, it merely defines in general terms the mere mode of procedure.

The 19th section seems to give larger powers; it gives jurisdiction to the Orphans' Court when letters testamentary or of administration have been granted in order to prevent fraud upon the estate of any deceased person by *any executor, administrator, guardian, or trustee*, who may be intrusted with the management of such estate, or any part thereof, *to prevent such executor, administrator, guardian, or trustee* from embezzling, wasting, or mismanaging the estate so intrusted to him, &c. The section confers no jurisdiction over any person except the *executor, administrator, guardian, or trustee ;* they are to be prevented by proper writs and process. It seems clear that the design was not to confer upon the Orphans' Court all the powers which the Court of Chancery has over cases of administration, guardianship and trust. A new jurisdiction was given, or rather the jurisdiction enlarged, over a class of persons already subject to the power of the court. Every provision of the 17th, 18th, 19th and 20th sections of the act may have full operation upon this view of the case.

The organization of this court obviously unfits it to exercise that very large and complicated jurisdiction, involving the application of the most abstruse doctrines of the law, which a court of equity exercises in cases of trust and administration of assets.

I am of opinion that, by this act, no jurisdiction to make

Hunt v. Mayberry.

a decree against any person not an *administrator, executor, guardian, or trustee*, of a deceased person, already subject to the jurisdiction of the court, is conferred, and that therefore Mattison and Moore were not proper parties to the petition, and that, as to them, the petition must be dismissed and the injunction dissolved.

But for the purpose of settling this case upon any view which may be taken of the extent of the powers conferred by this act, let us suppose that full equity powers are conferred in regard to suits brought by legatees for the recovery of legacies and distributive shares, as the petitioner's counsel contends, can this court, if that be so, make any decree against Mattison? He is, by the allegations of the petition, but the simple debtor of Mayberry, the non-resident executor; he has no connection whatever with the estate; his debt was never assets of the estate; no allegation of the insolvency of Mayberry or of his inability to pay the amount of the decree is made; he is not charged with having embezzled or converted to his own use the funds of the estate, or with having removed them from the state.

The whole equity stated is, that he has been decreed to pay the money, and has refused to do it; that he moved out of the state before the decree was made, and that Mattison owes him $1200; and unless Mattison is made to pay the money in discharge of the decree, plaintiffs must follow Mayberry into a foreign state. It is believed no case can be found in which a court of equity ever entertained a bill in favor of a legatee against the mere debtor of the executor. Upon what principle can such a bill be sustained? Not upon the ground of a trust, because the debtor is in no sense trustee for the creditor; he has no trust funds in his hands. It is not a creditor's bill; it contains no allegations to give it that character. It cannot be sustained upon the ground that it is a suit under the 19th section—the necessary allegations are wanting. It is not an application to prevent the executor from getting in *the assets* in case of his misconduct or in-

solvency. It is not an application to prevent the executor from meddling with the estate.

The cases cited by petitioner's counsel are all cases of that kind; none of them come up to the point, that the court may decree against a *mere* debtor of the executor payment of a legacy. That the court may grant a *ne exeat* against the executor proves nothing—that is mere process against the defendant.

The cases are clear, that a mere debtor of an estate is not a proper party to a bill brought by a legatee against an executor for an account and payment of the legacy. *Lancaster* v. *Evors*, 4 *Beav.* 158; *Utterson* v. *Mair*, 2 *Ves., Jr.*, 95; 2 *Story's Eq. J.* 836; *Bowsher* v. *Watkins*, 1 *Russ. & Mylne* 282; *Alsager* v. *Rowley*, 6 *Ves.* 748; *Pearse* v. *Hewitt*, 7 *Simons* 471.

The rule is founded upon the obvious principle that the debtor in such a case should not be involved in a controversy in which he has no interest; that the executor, in the absence of fraud, or collusion, is the proper party to collect the assets.

If the mere debtor of the estate, whose debt is assets, is not a proper party in ordinary cases, it follows, *a fortiori*, that the mere debtor of the executor is not a proper party in such a case.

In case of fraud, insolvency, &c., of the executor, a receiver appointed collects the debts due the estate; he becomes in law the executor, and succeeds to the control of the assets. In such cases, under some circumstances, such as collusion between the debtor and executor, the debtor may be made a party, but it is for his own fault, as to preserve the assets, the receiver cannot collect the private debts of the executor.

Again, if a mere debtor *may* be made a party to a litigation between the legatee and the executor, *must all the debtors* be made so? or may the legatee select the victim at pleasure? This consideration alone seems to be fatal to the plaintiff's case.

I cannot resist the conclusion that this is a mere foreign attachment against Mayberry. The petition discloses no equity whatever against Mattison; the petitioner has no cause of complaint against him; he has not interfered in any way with the petitioner's rights, his property, his liens, or his remedy. Want of equity is fatal on final hearing as well as on demurrer.

The petition should be dismissed, as to Mattison and Moore, without costs. This is a case of first impression under a new act; the defendant might have raised the objection at an earlier stage, and saved the costs.

As Mayberry has not appeared to put in any defence, let there be a decree against him, with costs; but I think it will not avail the petitioner much in another state, he not having been served with process, and not being a subject of our laws at the time suit was brought.